124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth COLLINS, Defendant-Appellant.
 No. 96-4056.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1997.
Decided July 1, 1997. AP1 Appeal from the United States
District Court for the Southern District Court of
Illinois, East St. Louis Division, No. 91-CR-30018; William Stiehl, Judge.
 
 1
 Before CUMMINGS and COFFEY, Circuit Judges and ZAGEL, District Judge.*
 
 ORDER
 
 2
 The appellant, Kenneth Collins, was convicted of conspiracy to distribute and possession with intent to distribute cocaine base on February 7, 1992. The trial court sentenced Collins to life in prison based on his relevant conduct in the conspiracy. Collins appealed his sentence. On appeal, we ruled that the trial court had misapplied rules on Collins' relevant conduct and remanded for resentencing. The trial court held resentencing hearings on September 18, 1996 and December 2, 1996. The trial court sentenced Collins on December 2, 1996, to 348 months. Collins appealed this sentence again claiming the trial court misapplied the relevant conduct rules.
 
 Facts
 
 3
 On resentencing the trial court found the appellant bought powder and crack cocaine in 1/16 to 1/2 ounce quantities from Dwayne Scruggs between the summer of 1988 and February 1989. In August 1988, the appellant bought one ounce of cocaine from Anthony Davis to check the quality for his brother Gregory Collins. Appellant then bought another nine ounces from Davis on behalf of his brother. Thereafter, Gregory Collins purchased cocaine directly from Davis. On September 5, 1990, appellant delivered two grams of crack cocaine to Marlin Crockett and negotiated the sale price. Appellant was seen by Sergeant Fernandez giving Sylvia Lipsom, Gregory Collins' live-in girlfriend who sold drugs out of their home, a package of cocaine. Appellant was also found to frequent Lipson's home where many of the activities of the overall conspiracy, such as rocking up the powder cocaine, weighing it, storing and selling it, took place. Appellant also frequented Andrea Ward and Montuella Wright's trailer, where each sold crack cocaine. The trial court found that appellant's close relationship with his brother was not based only on family ties, but also "on the business of trafficking in dope." The trial court also found appellant not to be a credible witness. In determining the appellant's sentence, the trial court considered the presentence report, the evidence adduced at trial, the evidence adduced during the course of the disposition hearings, and counsels' arguments at sentencing and found the amount of controlled substance reasonably foreseeable to the appellant was more than 1.5 kilograms of crack cocaine.
 
 Analysis
 
 4
 Sentencing in drug conspiracy cases depends primarily on the amount of drugs imputable to each defendant. United States v. Smith, 26 F.3d 739, 746 (7th Cir.1994). In determining the base offense level for a defendant convicted of conspiracy, the defendant may be sentenced only on the basis of acts committed in furtherance of the conspiracy that were reasonably foreseeable. United States v. Edwards, 945 F.2d 1387, 1392 (7th Cir.1991). On remand, this Court articulated the standard by which the trial court must calculate Collins' sentence and stated that "[t]he appropriateness of the base offense level turns on the quantity of drugs that was reasonably foreseeable to each defendant." Smith, 26 F.3d at 746. We further stated that "[b]efore concluding that a given quantity of drugs was foreseeable for sentencing purposes, the district judge should make clear that he has considered the evidence of the individual's agreement to join a conspiracy of the scope alleged by the Government." Id. at 746-47. We review the findings of fact made by the sentencing court only for clear error. United States v. Schuster, 948 F.2d 313, 315 (7th Cir.1991).
 
 
 5
 Appellant attacks each basis upon which the district judge based his finding of relevant conduct. First, appellant claims that Gregory Collins' drug transactions with Davis were not reasonably foreseeable to him and cites to this Court's remand opinion in which we stated, "[t]here was no direct evidence that Kenneth Collins knew of these subsequent transactions [between Gregory Collins and Davis]." Smith, 26 F.3d at 745. However, appellant admits that he purchased a total of ten ounces of cocaine from Davis on two occasions in order that his brother could check out the quality of the drugs. Based on this evidence, the trial court determined that appellant's original transactions with Davis led to a direct buyer/seller relationship between Gregory Collins and Davis which was reasonably foreseeable to appellant who initiated the relationship. It was therefore not clear error for the trial court to find that it was reasonably foreseeable to appellant that his brother would continue to purchase drugs from Davis after he introduced him to Davis. See United States v. Bullis, 77 F.3d 1553, 1564 (7th Cir.1996) (it was reasonably foreseeable that person who introduced his subordinate into the conspiracy, could foresee that subordinate would continue the conspiracy after the person left).
 
 
 6
 Second, appellant argues that the drug sale to Marlon Crockett on September 5, 1990, has no bearing on his relevant conduct because he was found not guilty of this sale by the jury. However, appellant overlooks that at sentencing the standard of proof is only a preponderance of the evidence. United States v. Lanterman, 76 F.3d 158, 160 (7th Cir.1996). In addition, the trial court noted that this transaction was captured on audiotape. Thus, the trial court may rely on the September 5, 1990 transaction as relevant conduct.
 
 
 7
 Third, appellant claims there is no evidence that he ever sold any drugs that he obtained from Andrea Ward and supports his contention with this Court's statement that "Ward had no basis in personal knowledge for her assertion that Kenneth Collins sold any portion of the drugs he purchased from her,...." Smith, 26 F.3d at 746 n. 2. However, appellant was sentenced not for his own drug sales, but for his relevant conduct in the conspiracy in which Andrea Ward sold 1.5 kilograms of crack cocaine. The trial court found that Ward sold drugs out of her home daily and that appellant was at Ward's house to purchase drugs frequently. Thus, it was not clear error for the trial judge to find these sales were reasonably foreseeable to appellant.
 
 
 8
 Appellant next argues that there is no evidence that the drug sales to him from Dwayne Scruggs were for anything more than personal use since the trial court opined that 1/16 of an ounce was "arguably a user amount." However, there is no question that appellant bought amounts larger than 1/16 from Scruggs. Thus, it was not clear error to find that appellant's purchase of 1/4 and 1/2 ounce quantities was for more than personal use.
 
 
 9
 Finally, appellant argues the testimony of Special Agent Etchison and Sergeant Fernandez was inconclusive as to the amounts of drugs or money they thought they saw him handle. Sergeant Fernandez testified that he observed the appellant hand Lipsom about an ounce of cocaine. The trial court found this testimony more credible than the appellant's explanation that it was a shuttle cock for badminton. The court's finding does not constitute clear error as it is the trial court which bears the responsibility of determining witness credibility. United States v. Robinson, 96 F.3d 246, 253 (7th Cir.1996).
 
 Conclusion
 
 10
 The trial court's order sentencing appellant Kenneth Collins to 348 months is affirmed.
 
 
 
 *
 The Honorable James B. Zagel, District Judge for the Northern District of Illinois, is sitting by designation